**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No.:

DIANE WIRSING,

     Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

     Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Diane Wirsing, files her Complaint against Defendant, The Lincoln National Life Insurance Company, and says:

### I.  JURISDICTION AND VENUE

1.     Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2.     Plaintiff, Diane Wirsing ("Ms. Wirsing"), is a citizen of the United States and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, The Lincoln National Life Insurance Company ("Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.     FACTS

3.      At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4.      At all times material, Defendant operated under an inherent structural conflict of interest because of Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5.      Ms. Wirsing was employed with The Dow Chemical Company, as a senior automation technologist. By virtue of her employment, Ms. Wirsing was an eligible participant of the long-term disability policy at all times material to this action.

6.      The purpose of the long-term disability policy was to provide Ms. Wirsing a monthly benefit in the event that she became disabled.

7.      The long-term disability policy defined Disability, in pertinent part, as follows:

*Disability or Disabled means:*

1. *Disability or Disabled means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material Duties and Substantial Duties of his regular occupation or any other occupation with the company for which the Covered Person is qualified and which is offered at not less than their current rate of pay; and*
2. *Thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

8.      Ms. Wirsing has suffered, and continues to suffer, from a number of medical conditions, including but not limited to, myalgic encephalomyelitis/chronic fatigue syndrome, fibromyalgia, psoriatic arthritis, anxiety, and depression.

9.      Ms. Wirsing has been unable to perform the Material and Substantial Duties of her regular occupation or any occupation. Ms. Wirsing is disabled under the terms of the long-term disability policy.

10.     Ms. Wirsing was forced to discontinue working on or around January 10, 2019, due to her disabling conditions.

11.     In accordance with the procedures set forth by the long-term disability policy, Ms. Wirsing notified Defendant that she was disabled.

12.     By letter dated September 18, 2019, Defendant approved Ms. Wirsing's claim for long-term disability benefits.

13.      Ms. Wirsing's claim for social security disability insurance benefits was approved by the Social Security Administration on March 3, 2020.

14.     By letter dated April 25, 2020, Defendant terminated Ms. Wirsing's long-term disability benefits.

15.     By letter dated May 12, 2020, Ms. Wirsing submitted her first appeal for LTD benefits.

16.     By letter dated June 16, 2020, Defendant approved Ms. Wirsing's first appeal and approved Ms. Wirsing's LTD benefits.

17.     By letter dated June 22, 2021, Defendant terminated Ms. Wirsing's long-term disability benefits.

18.     By letter dated July 19, 2021, Ms. Wirsing timely submitted an appeal for long-term disability benefits.

19.     By letter dated October 11, 2021, Defendant denied Ms. Wirsing's appeal for long-term disability benefits.

20.     Ms. Wirsing exhausted her appeals under ERISA.

21. In terminating Ms. Wirsing's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

22. The termination of Ms. Wirsing's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

23. Defendant's termination of Ms. Wirsing's disability benefits breached the fiduciary duties owed to Ms. Wirsing under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Wirsing as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 23 as if fully stated herein and says further that:

24. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

25. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

26. Defendant has refused to pay the benefits sought by Ms. Wirsing, ignoring the medical records and clear opinions of her physicians.

## V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 26 as if fully stated herein and says further that:

27.     As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

28.     To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under to 29 U.S.C. §1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

29.     Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

30.     Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Diane Wirsing, prays for a judgment against Defendant, The Lincoln National Life Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 27th day of June 2023*

*/s/ Kevin Schaefer*
Kevin P. Schaefer (FBN. 123688)
kevin@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel:  (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Plaintiff, Diane Wirsing*

5